[Civ. No. 5948.　First Appellate District, Division Two.—October 28, 1927.]

ESTHER L. EVANS, Appellant, v. A. H. BAXTER, Respondent.

Goode & McCreery for Appellant.

Edgar I. Thompson for Respondent.

NOURSE, J.—Plaintiff sued the three defendants jointly for money claimed to be due upon the purchase price of certain real property. The defendant Baxter alone answered. The cause was regularly set for trial and the appellant failing to appear at the time set, her default was taken, and judgment was entered against her and in favor of defendant Baxter alone. In due time she moved to set aside the judgment, which motion was denied. The appeal is from the judgment and from the order refusing to set it aside.

The complaint was in the ordinary form for money. The answer denied that the property described in the complaint was purchased from plaintiff and alleged in detail the transaction between Baxter and his co-defendant Seddon whereby the property came to Baxter in exchange for other properties transferred to Seddon, who, it was alleged, was at all times acting in co-operation with plaintiff. The answer closed with a prayer that plaintiff take nothing from Baxter and that he have judgment for his costs.

The trial court entered judgment in favor of Baxter and against the plaintiff in the sum of five hundred dollars "for his damages in said action." In moving to set aside the judgment this award was attacked as beyond the issues raised by the pleadings. The further grounds of this motion were that because publication of summons was being made as to defendant Seddon the cause was not ready for trial and that appellant's counsel was engaged in other litigation at the time and should have been excused for his neglect to appear at the trial.

These three grounds are now urged on the appeals. As to the first, the trial court was plainly in error in awarding any damages to respondent. No issue of damages

was raised in the pleadings and, the appellant being in default, no question of waiver of pleading or proof arises. Respondent does not defend this portion of the judgment, but insists that it cannot be reviewed on this appeal because of the rule that "a judgment for more relief than is prayed for is not void as to such, and cannot be attacked in collateral proceedings." ▉ The appeal, of course, is a direct and not a collateral attack upon the judgment and it is not confined to the question whether the judgment is void for want of jurisdiction.

▉ The fact that one of the co-defendants had not been properly served with process did not prevent a trial as to the parties served in the absence of an objection. Appellant having consented to the trial date and not having brought to the attention of the court the fact that one of the defendants had not been served, she should certainly be precluded from raising that objection after the judgment has been entered.

▉ On two separate occasions the trial court found that the excuses for appellant's failure to appear at the trial were insufficient and we are satisfied that there was no abuse of discretion in the order refusing to set aside the judgment.

Because of the error in the award of damages the judgment must be modified by striking therefrom the sum of five hundred dollars, and as so modified it is affirmed, with costs to appellant.

Sturtevant, J., and Koford, P. J., concurred.